**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Erin McKinney, ) | No. CV 03-774-PHX-DGC |
| Petitioner, ) | DEATH PENALTY CASE |
| vs. ) | |
| ) | **ORDER** |
| Dora Schriro, et al., ) | |
| Respondents. ) | |

Petitioner James Erin McKinney ("Petitioner") is a state prisoner under sentence of death. Pending before the Court is Petitioner's Motion for Evidentiary Hearing and to Enlarge Records. (Dkt. 62.)[1] Respondents filed a response, and Petitioner filed a reply. (Dkts. 63, 64.)

## FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 1992, following a dual-jury trial with co-defendant Michael Hedlund, Petitioner's jury convicted him on two counts of first degree murder and Hedlund's jury returned a guilty verdict on one count of second degree murder and one count of first degree murder. Maricopa County Superior Court Judge Steven D. Sheldon sentenced Petitioner to death for both of the murders and sentenced Hedlund to death for the first degree murder. The Arizona Supreme Court affirmed the convictions and sentences in a consolidated opinion. State v. McKinney, 185 Ariz. 567, 917 P.2d 1214 (1996). Petitioner filed a petition for post-conviction relief ("PCR"), an amended PCR

---

[1] "Dkt." refers to the documents in this Court's case file.

petition and a second amended petition with the trial court. (ROA-PCR 13, 19, 42.)[2] The PCR petition was denied without an evidentiary hearing. (ME-PCR 53.) The Arizona Supreme Court summarily denied Petitioner's petition for review on September 27, 2002. (PR Doc. 14.)

**MOTION DISCUSSION**

Petitioner's motion requests an evidentiary hearing on his argument that the statutory presumption of correctness set forth in 28 U.S.C. § 2254(e)(1) is unconstitutional, joinder in Michael Hedlund's motion for evidentiary hearing, and an evidentiary hearing on Claims 10 to 16.

**I.   HEARING REGARDING CONSTITUTIONALITY OF 28 U.S.C. § 2254(E)(1).**

Section 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Petitioner contends this statutory presumption infringes on his fundamental right to habeas corpus and is unconstitutional because it is arbitrary and irrational.

In support of this argument, Petitioner provides statistical information indicating there is a high reversal rate for Arizona death sentences. Petitioner contends that federal courts should not defer to state court fact finding in light of the significant number of death sentences that are overturned in state and federal court. Petitioner fails, however, to connect the high reversal rate with his argument that the statute is unconstitutional. Because death sentences overturned in state court are not reviewed in a federal habeas

---

[2] "ROA-PCR" refers to the two-volume record on appeal from post-conviction proceedings prepared for Petitioner's petition for review to the Arizona Supreme Court (Case No. CR-02-0038-PC); "ME-PCR" refers to one volume of minute entries prepared for that petition; and "PR Doc." refers to documents listed on the Arizona Supreme Court's docket for that petition. Certified copies of the trial and post-conviction records were provided to this Court by the Arizona Supreme Court on January 27, 2005. (Dkt. 58.)

- 2 -

1 proceeding, the statutory deference is never applied in such cases. Further, the study
2 upon which Petitioner relies includes cases from 1973 to 1995 (dkt. 62 at 10), during which
3 time there was a predecessor federal statutory provision requiring deference to state court
4 findings. See LaVallee v. Delle Rose, 410 U.S. 690, 692 (1973) (per curiam) (deferring to
5 state court factual findings and requiring that they be overcome by convincing evidence
6 pursuant to 28 U.S.C. § 2254(d)). If, as Petitioner contends, many death sentences were
7 reversed in federal court during that time period, the presumption apparently did not
8 impede the availability of habeas corpus.

9 More significantly, Petitioner fails to demonstrate that the statutory presumption
10 of correctness is arbitrary or irrational. The Supreme Court has noted that deference is
11 appropriate in the context of a federal court's collateral review of a state court judgment
12 because of the respect due to state courts in our federal system and the fact that state
13 courts generally are in a better position to judge evidence presented in state court. See
14 Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (discussing deference in the context of
15 findings regarding discriminatory intent underlying a Batson claim). Petitioner's statutory
16 challenge fails, and his request for a hearing on the issue will be denied.

**II.   JOINDER IN MICHAEL HEDLUND'S MOTION.**

18 In his May 6, 2005 motion, Petitioner states that he is joining Michael Hedlund's
19 request for a hearing, which the Court denied in its entirety in March 2005 (see Hedlund
20 v. Schriro, CV 02-110-PHX-DGC, dkt. 119). Petitioner argues it is appropriate to join
21 motions of co-defendants. He also argues that issues of shackling and severance are
22 common to both him and Hedlund.

23 Petitioner and Hedlund are not co-defendants before this Court. Because they are
24 separate petitioners with separate cases, it is not proper for Petitioner to join Hedlund's
25 motion. Moreover, Hedlund's motion was denied before Petitioner's request to join,
26 Hedlund did not request evidentiary development on the issue of severance, and whether
27 Petitioner's claims were exhausted or diligently developed in state court, and whether the
28 state court's decisions regarding those issues violated Petitioner's constitutional rights,

are individual questions specific to Petitioner. Petitioner's request to join Michael Hedlund's motion for evidentiary development will be denied.

**III.    HEARING ON CLAIMS 10 TO 16.**

In the Court's Order of Appointment and General Procedures, counsel was informed that evidentiary motions are required to:

(1)    specifically identify which enumerated claim(s) Petitioner contends needs further factual development;

(2)    describe with specificity the facts sought to be developed;

(3)    explain why the facts sought to be developed were not developed in state court; and

(4)    explain why the failure to develop such facts in state court was not the result of lack of diligence, in accordance with the Supreme Court's decision in Williams v. Taylor, 529 U.S. 420 (2000).

In addition, any motion for evidentiary hearing shall address (1) whether the factual allegations would, if proved, entitle Petitioner to relief on a specific habeas claim; and (2) whether the state court trier of fact has reliably found the relevant facts after a full and fair hearing. See Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997). Any motion for evidentiary development that is filed prior to the filing of Respondents' Answer or that fails to address the above-listed requirements will be summarily denied.

(Dkt. 7 at 4.)

Petitioner's motion fails to satisfy the above-stated requirements. Petitioner requests an evidentiary hearing on his ineffective assistance of counsel ("IAC") claims – Claims 10 to 16. Petitioner argues generally that a hearing is necessary because trial and appellate counsel never asked Petitioner what occurred during the crimes, but he does not connect that factual issue to any specific claim. Neither the motion nor the reply identifies a single fact to be developed, or discusses why any such facts were not developed in state court, whether Petitioner was diligent in attempting to develop these facts in state court, how the facts to be developed would demonstrate that Petitioner is entitled to relief as to the specific claims at issue, or whether the state court found the relevant facts after a full hearing. Given this lack of explanation, the Court is unable to determine whether an evidentiary hearing should be held and the motion will be denied without prejudice to refiling. Similarly, although the caption of Petitioner's motion indicates he is seeking to

expand the state court record, neither the body of the motion nor the reply requests expansion as to any claims or documents. Therefore, that request also will be denied without prejudice to refiling. In preparation for a possible second motion for evidentiary development of Claims 10-16, the Court at this time will assess the procedural status of these claims to eliminate a renewed request as to claims that are procedurally barred or meritless on their face.

### A. Principles of Exhaustion and Procedural Default.

Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997); Woodford v. Garceau, 538 U.S. 202, 210 (2003). The AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has properly exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982). To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971).[3] If a petitioner's habeas claim includes new factual allegations not presented to the state court, the claim may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

---

[3] Resolving whether a petitioner has fairly presented his claim to the state court, thus permitting federal review, is an intrinsically federal issue which must be determined by the federal court. Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994).

A habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. Coleman, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in any forum and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Id. at 735 n.1. This is often referred to as "technical" exhaustion – although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. See Gray v. Netherland, 518 U.S. 152, 161-62 (1996) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

Rule 32 of the Arizona Rules of Criminal Procedure governs when petitioners may seek relief in post-conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court. Rule 32.2 provides, in part:

> a. Preclusion. A defendant shall be precluded from relief under this rule based upon any ground:
> . . . .
> (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
>
> *(3) That has been waived at trial, on appeal, or in any previous collateral proceeding.*
>
> b. Exceptions. Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f), (g) and (h). When a claim under [these subsections] is raised in a successive or untimely petition, the petition must set forth the reasons for not raising the claim in the previous petition or in a timely manner. If meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the petition shall be summarily dismissed.

Ariz. R. Crim. P. 32.2 (2002)(emphasis added). Thus, pursuant to Rule 32.2, petitioners may not be granted relief on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief. Only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a

prior petition will the preclusive effect of Rule 32.2 be avoided.

Therefore, in the present case, if there are claims which have not been raised previously in state court, the Court must determine whether Petitioner has state remedies currently available to him under Rule 32. If no remedies are currently available, petitioner's claims are "technically" exhausted but procedurally defaulted. Coleman, 501 U.S. at 732, 735 n.1. In addition, if there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims also will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. Harris, 489 U.S. at 262. A state procedural default is not independent if, for example, it depends upon an antecedent federal constitutional ruling. See Stewart v. Smith, 536 U.S. 856 (2002) (per curiam). A state bar is not adequate unless it was firmly established and regularly applied at the time of application by the state court. Ford v. Georgia, 498 U.S. 411, 424 (1991).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. Reed v. Ross, 468 U.S. 1, 9 (1984). As a general matter, the Court will not review the merits of procedurally defaulted claims unless a petitioner demonstrates legitimate cause for the failure to properly exhaust in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. Coleman, 501 U.S. at 735 n.1.

Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 753. Objective factors which constitute cause include interference by officials which makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and constitutionally ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" is actual harm resulting from the alleged constitutional error. Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984). To establish

1 prejudice resulting from a procedural default, a habeas petitioner bears the burden of
2 showing not merely that the errors at his trial constituted a possibility of prejudice, but that
3 they worked to his actual and substantial disadvantage, infecting his entire trial with errors
4 of constitutional dimension. United States v. Frady, 456 U.S. 152, 170 (1982).

    **B.    Claim 10.**

6       Petitioner alleges he had IAC at trial based on counsel's failure to: (a) effectively
7 question nine of the witnesses; (b) call expert witnesses; (c) object to transcripts of
8 Petitioner's purported confession to his father; and (d) consider abuse, the investigation
9 of mitigation, the presentation of mitigation, and the submission of experts and dual juries.
10 Respondents concede that Claims 10(a) and (c) are exhausted and properly before this
11 Court for review, but contend that (b) and (d) are defaulted. Further, Respondents argue
12 that Claim 10 fails to state a claim.

13       Regardless of exhaustion, the Court will dismiss the entirety of the claim as
14 meritless. See 28 U.S.C. § 2254(b)(2) (allowing denial of unexhausted claims on the merits);
15 Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (holding that a stay is inappropriate in federal
16 court to allow claims to be raised in state court if they are subject to dismissal under (b)(2)
17 as "plainly meritless"). To prevail on a claim of IAC, Petitioner must show that counsel's
18 performance was deficient and that the deficiency prejudiced the defense. Strickland v.
19 Washington, 466 U.S. 668, 668 (1984). In Claim 10(a), Petitioner alleges counsel was
20 ineffective in questioning specific witnesses, but does not allege any facts regarding how
21 the questioning was defective. Similarly, Petitioner alleges in Claim 10(b) that his counsel
22 failed to call expert witnesses, but does not identify any type of expert that should have
23 been called. The entirety of the allegations comprising Claim 10(c) are that counsel "failed
24 to object to transcripts of purported confession to his father." (Dkt. 42 at 64.) As to Claim
25 10(d), Petitioner generically alleges that counsel "did not adequately consider" the listed
26 items. Moreover, Petitioner does not identify any prejudice arising from the alleged
27 deficiencies. The minimal conclusory allegations set forth in Claim 10 are insufficient for
28 habeas relief. See Rule 2, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring

petition to state the facts in support of each claim); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) (finding insufficient conclusory allegations that did not identify what counsel would have done if performing effectively); Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) (finding that the petitioner's failure to assert any resulting prejudice rendered IAC claims too conclusory for relief). Therefore, the Court will dismiss Claim 10 on the merits.[4]

### C.   Claim 11.

Petitioner alleges counsel was ineffective for failing to adequately investigate and present mitigation evidence in violation of his rights under the Sixth and Fourteenth Amendments.[5]  Specifically, Petitioner asserts that counsel did not request a mitigation specialist, provide sufficient information to the court in the mitigation phase, and adequately investigate, prepare and present available mental health mitigation. Petitioner alleges that the outcome of his sentencing would have been different if counsel had performed adequately.

In the second amended PCR petition, Petitioner alleged that counsel failed generally to adequately investigate and present mitigation, and failed specifically to investigate and

---

[4] Claim 10(d), to the extent it alleges ineffectiveness relating to mitigation, is repetitive of some of the allegations raised in Claim 11. The dismissal of Claim 10(d) does not affect the Court's assessment of the more specific allegations in Claim 11. See infra Claim 11.

[5] With respect to Claims 11 and 12, Petitioner also alleges that his due process rights under the Fifth Amendment were violated. It is the Fourteenth Amendment, not the Fifth Amendment, that protects a person against deprivations of due process by a state. See U.S. Const. amend. XIV, § 1 ("nor shall any state deprive any person of life, liberty, or property without due process of law"); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Because the Fifth Amendment Due Process Clause does not provide a cognizable ground for relief regarding Petitioner's state court conviction, that portion of Claims 11 and 12 will be summarily dismissed. The Court will address Petitioner's claims under the Sixth and Fourteenth Amendments.

substantiate the post-traumatic stress, child abuse and brain injury he suffered, and their relationship to violent adult behavior. (ROA-PCR 42 at 4, 13, 22-30.) The PCR court ruled on the merits of that claim. (ME-PCR 53 at 12-13.) In the petition for review, Petitioner alleged that his counsel was ineffective for failing to present evidence that the abuse Petitioner suffered as a child impaired his ability to conform his conduct to the law, for failing generally to adequately investigate and present all mitigation, and for filing an unintelligible mitigation memorandum that did not sufficiently support a sentence less than death. (PR Doc. 1 at 3-4, 12.) The Court finds that Petitioner fairly presented Claim 11 in his PCR proceedings and it is properly before this Court for review on the merits.

### D. Claim 12.

Petitioner alleges that counsel was ineffective for failing to object at trial to the state orally submitting five witnesses as experts, the court's allowance of which improperly bestowed credibility upon the witnesses. Petitioner alleges counsel's performance was deficient and he was prejudiced by the bolstering of the witnesses, without which he would not have been convicted. Petitioner does not allege that there was not a proper foundation for the witnesses' testimony or that any of the actual testimony should not have been admitted; rather, he challenges only the procedure of bestowing "expert status" on the witnesses in front of the jury. Respondents concede this claim is exhausted as to the Sixth Amendment allegation, but contest the Fourteenth Amendment part of the claim. Regardless of exhaustion, the Court will dismiss the entirety of the claim as meritless. See 28 U.S.C. § 2254(b)(2) (allowing denial of unexhausted claims on the merits); Rhines, 125 S. Ct. at 1535 (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under (b)(2) as "plainly meritless").

Petitioner asserts that he is entitled to relief under § 2254(d)(1) because the PCR court's ruling was contrary to, or an unreasonable application of, clearly established Supreme Court law. To assess a habeas claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law includes the holdings of the

1  Supreme Court at the time the petitioner's state court conviction became final. See
2  Williams v. Taylor, 529 U.S. 362, 365 (2000). A state court decision is "contrary to" clearly
3  established federal law if it fails to apply the correct controlling Supreme Court authority
4  or if it applied the correct authority to a case involving facts materially indistinguishable
5  from those in a controlling Supreme Court case, but nonetheless reached a different result.
6  Id. at 413; see also Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Brewer v. Hall, 378 F.3d 952,
7  955 (9th Cir. 2004).

8       A state court decision amounts to an "unreasonable application" under § 2254(d)(1)
9  if the state court correctly identifies the governing "clearly established" legal principle from
10 the Supreme Court's decisions, but then makes an objectively unreasonable application
11 of that principle to the facts of the petitioner's case. See Andrade, 538 U.S. at 75. An
12 "objectively unreasonable" application of federal law involves more than an incorrect or
13 even clearly erroneous application of federal law. See Williams, 529 U.S. at 410-11 ("[A]
14 federal habeas court may not issue the writ simply because that court concludes in its
15 independent judgment that the relevant state-court decision applied clearly established
16 federal law erroneously or incorrectly. Rather, that application must also be
17 unreasonable."). The AEDPA mandates deferential review of a state court's application
18 of clearly established Supreme Court precedent. See Woodford v. Visciotti, 537 U.S. 19,
19 24 (2002) (citing Lindh, 521 U.S. at 333 n.7).

20      The PCR court identified and applied the clearly established Supreme Court law
21 governing IAC claims, as set forth in Strickland. (See ME-PCR 53 at 3, 11 (citing State v.
22 Ysea, 191 Ariz. 372, 377, 956 P.2d 499, 504 (1998) (citing Strickland, 466 U.S. at 687),
23 superseded on other grounds by A.R.S. § 13-703(H)(1); Strickland, 446 U.S. at 686, 689)).
24 The PCR court determined that Petitioner had not set forth any alleged acts by counsel that
25 reflected deficient performance and denied the claim as not meritorious. (Id. at 12.) The
26 relevant inquiry is whether this determination was an unreasonable application of
27 Strickland.

28      To establish prejudice under Strickland, a petitioner must show that there is a

- 11 -

1 "reasonable probability" that, absent counsel's errors, the result of the proceeding would
2 have been different. 466 U.S. at 694. Petitioner makes only a conclusory allegation that the
3 outcome would have been different if counsel had objected to the procedure employed by
4 the prosecutor and allowed by the court. If counsel had objected to the procedure,
5 however, the five witnesses at issue, although perhaps not designated as experts, would
6 still have testified in full before the jury. It is possible that the jury gave more weight to the
7 testimony of these witnesses because they were designated as experts, but that possibility
8 is not sufficient to establish a "reasonable probability" that, without such a designation,
9 Petitioner would not have been convicted. The Court cannot conclude that the PCR
10 court's decision constituted an objectively unreasonable application of Strickland to the
11 facts of this case. Because no evidentiary development would alter the Court's analysis
12 of this claim, Claim 12 will be denied on the merits.

13 **E.  Claims 13-16.**

14 Petitioner alleges that appellate counsel was ineffective for failing to raise the
15 following claims: erroneous use of dual juries at trial (Claim 13); erroneous reversal of
16 severance (Claim 14); ineffective assistance of trial counsel for failing to voir dire the jury
17 regarding their views on the death penalty (Claim 15); and ineffective assistance of trial
18 counsel for failing to properly present mitigating evidence (Claim 16).

19 Petitioner asserts that he raised all of these claims in his PCR petition. In the second
20 amended PCR petition, Petitioner argued that appellate counsel was ineffective for raising
21 only five issues and failing to raise other meritorious arguments. (ROA-PCR 42 at 30-33.)
22 Petitioner stated generally that some of the meritorious issues to which he referred were
23 raised by his co-defendant and other issues were not raised by either of them (id. at 31),
24 but he did not actually identify any issue appellate counsel failed to raise (id. at 30-33).
25 The PCR court ruled that Petitioner had not "presented a single issue that could have been
26 raised on appeal that would have changed the outcome." (ME-PCR 53 at 13.) In his
27 petition for review, Petitioner argued only that appellate counsel was ineffective for failing
28 to raise "several meritorious issues;" no specific issues were identified. (PR Doc. 1 at 17-

19.)

Petitioner must have fairly presented in state court the factual basis of the acts alleged to constitute ineffective assistance. "A thorough description of the operative facts before the highest state court is a necessary prerequisite to satisfaction of the standard of O'Sullivan and Harless that 'a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal precedent to the facts bearing upon his constitutional claim.'" Kelly v. Small, 315 F.3d 1063, 1069 (9th Cir. 2003) (quoting Harless, 459 U.S. at 6). Petitioner's generic allegation of IAC in his petition for review was not sufficient to fairly present to the state court the claims now raised in this Court – that appellate counsel was ineffective for failing to assert specific claims. See Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992) (treating distinct failures by counsel as separate claims for exhaustion and procedural default); Matias v. Oshiro, 683 F.2d 318, 319-20 & n.1 (9th Cir. 1982) (finding no fair presentation of eight grounds of IAC not raised in state court); Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994) (raising specific claims of IAC in state court does not exhaust all such claims for federal habeas review); cf. Strickland, 466 U.S. at 690 (requiring identification of the specific "acts or omissions" of counsel and a determination of whether those acts are outside the range of competent assistance).

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Claims 13 to 16 in state court. See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h); note 6. Thus, Claims 13 to 16 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner does not allege a miscarriage of justice. To show cause, Petitioner argues that Arizona's PCR process is inadequate because his PCR counsel was ineffective. Ineffective assistance of counsel can constitute sufficient cause, however, only when it rises to the level of an independent constitutional violation, and there can be no constitutional violation when a petitioner has no constitutional right to counsel. Coleman, 501 U.S. at 752, 755. There is no constitutional right to counsel in state PCR proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Murray v. Giarratano, 492 U.S. 1, 7-12

1  (1989) (the Constitution does not require states to provide counsel in PCR proceedings
2  even when the putative petitioners are facing the death penalty); Bonin v. Vasquez, 999
3  F.2d 425, 429-30 (9th Cir. 1993) (refusing to extend the right of effective assistance of
4  counsel to state collateral proceedings); Harris v. Vasquez, 949 F.2d 1497, 1513-14 (9th Cir.
5  1990).

6  Petitioner also raises several specific claims relating to PCR counsel. First, Petitioner
7  argues he was entitled to the effective assistance of PCR counsel because it was his first
8  and only opportunity to assert ineffective assistance of trial and appellate counsel claims.
9  In Evitts v. Lucey, 469 U.S. 387, 396 (1985), the Court held that a petitioner is entitled to
10 effective assistance of counsel on his first appeal as of right. Since Evitts was decided,
11 however, the courts have clarified that the holding in Evitts applies strictly to a first appeal
12 as of right, even if particular claims could not have been raised in that appeal, because
13 there is no constitutional right to counsel in state PCR proceedings. See Finley, 481 U.S.
14 at 558; Moran v. McDaniel, 80 F.3d 1261, 1271 (9th Cir. 1996); Bonin v. Calderon, 77 F.3d
15 1155, 1159 (9th Cir. 1996) (IAC claim defaulted for not being raised in first habeas petition,
16 even though the same counsel represented petitioner in both proceedings, because no
17 right to counsel in habeas proceedings); Jeffers v. Lewis, 68 F.3d 299, 300 (9th Cir. 1995)
18 (en banc) (plurality) (ruling an Arizona petitioner had "no Sixth Amendment right to
19 counsel during his state habeas proceedings even if that was the first forum in which he
20 could challenge constitutional effectiveness on the part of trial counsel"); see also Evitts,
21 469 U.S. at 396 n.7 (noting that discretionary appeals are treated differently because there
22 is no right to counsel). Petitioner's argument fails because there is no constitutional right
23 to counsel for PCR proceedings even if it is the petitioner's first opportunity to raise an
24 IAC claim.

25 Second, Petitioner contends Arizona's court rules render the PCR proceeding part
26 of a mandatory appellate process for capital cases with a statutory right to counsel, thus,
27 due process requires such counsel to be effective. The Court disagrees. Petitioner cites
28 no case, and the Court has found none, which holds that a state is required by the federal

1 constitution to provide a right to counsel in PCR proceedings. The fact that a state may,
2 "as a matter of legislative choice," Ross v. Moffitt, 417 U.S. 600, 618, (1974), provide for
3 counsel in discretionary appeals following a first appeal of right does not extend the Sixth
4 Amendment's guarantee of effective counsel to discretionary appeals. See Evitts, 469 U.S.
5 at 394, 397 n.7; Finley, 481 U.S. at 559 (where a state provides a lawyer in a state
6 post-conviction proceeding, it is not "the Federal Constitution [that] dictates the exact
7 form such assistance must assume," rather, it is in a state's discretion to determine what
8 protections to provide). Further, the Ninth Circuit has held explicitly that "ineffective
9 assistance of counsel in habeas corpus proceedings does not present an independent
10 violation of the Sixth Amendment enforceable against the states through the Due Process
11 Clause of the Fourteenth Amendment." Bonin, 77 F.3d at 1160. Because Petitioner's PCR
12 proceeding took place after his appeal of right, it was a discretionary proceeding not
13 conferring a constitutional right to effective assistance of counsel. Thus, even if PCR
14 counsel's performance did not conform to minimum standards, it did not violate the federal
15 constitution and cannot excuse the procedural default of any claims.

16 As a final matter, before ineffectiveness may be used to establish cause for a
17 procedural default, it must have been presented to the state court as an independent claim.
18 Murray, 477 U.S. at 489. Petitioner did not present in state court any independent
19 ineffectiveness claims regarding PCR counsel. Therefore, even if cognizable, his allegation
20 of PCR counsel's ineffectiveness cannot constitute cause.

21 Because Petitioner has not established cause to overcome the defaults, the Court
22 need not analyze prejudice. See Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).
23 Claims 13 to 16 will be dismissed as procedurally barred.

24 **CONCLUSION**

25 Petitioner's request for a hearing on a challenge to the statutory presumption of
26 correctness under 28 U.S.C. § 2254(e)(1) is denied. Petitioner's request to join Michael
27 Hedlund's motion for evidentiary development is denied. Petitioner's motion for a hearing
28 and to expand the state court record is denied without prejudice to refiling on any claims

1 remaining before this Court. Claims 13-16 are dismissed as procedurally barred. Claims 10
2 and 12 are dismissed on the merits. If Petitioner files a new motion for evidentiary
3 development, it must comply with the Court's Order of General Procedures detailing the
4 requirements for motions for evidentiary development (dkt. 7). In particular, it must discuss
5 each claim individually, the facts sought to be developed as to the specific claim, and
6 whether Petitioner was diligent in attempting to develop the claim in state court. If a
7 subsequent motion does not comply, it will be summarily dismissed.

8 Accordingly,

9 **IT IS HEREBY ORDERED** that the following Claims are **dismissed with prejudice**:
10 (a) Claims 13-16 based on a procedural bar; (b) the Fifth Amendment aspect of Claims 11
11 and 12 as not cognizable; and (c) Claims 10 and 12 on the merits as a matter of law.

12 **IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing and
13 Motion to Enlarge Records (dkt. 62) is **denied without prejudice**.

14 **IT IS FURTHER ORDERED** that if Petitioner files a renewed motion for evidentiary
15 development he shall do so within forty-five (45) days of the filing date of this order.

16 **IT IS FURTHER ORDERED** that if, pursuant to LRCiv. 7.2(g), Petitioner or
17 Respondents file a Motion for Reconsideration of this Order, such motion shall be filed
18 within fifteen (15) days of the filing of this Order.

19 **IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to
20 the Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix, AZ 85007-3329.

21 DATED this 3rd day of January, 2006.

David G. Campbell
United States District Judge

- 16 -