**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Erin McKinney,        )<br>                                          )<br>　　　　Petitioner,           )<br>                                          )<br>vs.                                      )<br>                                          )<br>                                          )<br>Dora Schriro, et al.,           )<br>                                          )<br>　　　　Respondents.        )<br>_____) | No. CV 03-774-PHX-DGC<br><br><u>DEATH PENALTY CASE</u><br><br><br>**ORDER** |

Pending before the Court is Petitioner's Motion to Reconsider the Court's January 5, 2006 Order, which denied Petitioner's motion for evidentiary development on Claims 10 to 16. (<u>See</u> dkt. 66.) Petitioner attached a declaration by trial counsel Scott Allen to his motion to reconsider. Respondents filed a Motion to Strike the declaration.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner does not acknowledge this standard or indicate which prong of it he is trying to satisfy. Petitioner presents additional evidence, but it is not "newly discovered." He does not rely on an intervening change in the law. Therefore, the Court reviews the motion as alleging solely clear error or manifest injustice.

It is not appropriate to submit additional evidence with a motion to reconsider, nor is it appropriate to advance new arguments that a party failed to present in his original motion.

See Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 925-26 (9th Cir. 1988) (motion for reconsideration is not the place for the moving party to make new arguments not raised in its original briefs). Therefore, the Court will not consider the declaration of Scott Allen and will deny Respondents' motion to strike as moot.

In his motion for evidentiary development, Petitioner argued generally that a hearing was necessary on his ineffective assistance of counsel claims, Claims 10 to 16, because trial and appellate counsel never asked Petitioner what occurred during the crimes. In its January 5 Order, the Court denied the motion without prejudice as to all claims because it failed to comply with the Court's requirements for such motions in that it did not "identif[y] a single fact to be developed, or discuss[] why any such facts were not developed in state court, whether Petitioner was diligent in attempting to develop these facts in state court, how the facts to be developed would demonstrate that Petitioner is entitled to relief as to the specific claims at issue, or whether the state court found the relevant facts after a full hearing." (Dkt. 66 at 4.) The Court went on to determine that Claims 10 and 12 are meritless on their face and Claims 13-16 are procedurally barred. Therefore, of the claims for which evidentiary development was sought, only Claim 11 remains pending on the merits.

In the motion for reconsideration, Petitioner merely reiterates his argument that trial counsel did not ask what happened during the crime and sets forth quotations and case citations on various topics related to ineffective assistance of counsel. Counsel does not challenge the Court's dismissal of 6 of the 7 claims alleging ineffective assistance of counsel; thus, his arguments are irrelevant as to those claims. As to the one remaining claim, Petitioner does not rectify the list of deficiencies the Court provided regarding his original motion, including the specific facts to be developed, why they were not developed in state court, and how the development of such facts would entitle him to relief on Claim 11. In sum, the motion fails to demonstrate that the Court's order constituted clear error or manifest injustice.

1      **IT IS ORDERED** that Petitioner's Motion to Reconsider (dkt. 69) is **denied**.

2      **IT IS FURTHER ORDERED** that Respondents' Motion to Strike (dkt. 71) is **denied as moot**.

4      DATED this 27th day of February, 2006.

*David G. Campbell*
United States District Judge