**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Erin McKinney, ) | No. CV-03-774-PHX-DGC |
| Petitioner, ) | <u>DEATH PENALTY CASE</u> |
| vs. ) | |
| ) | **ORDER** |
| Charles L. Ryan, et al., ) | |
| Respondents. ) | |

Before the Court is Petitioner's Motion to Alter or Amend the Judgment. Dkt. 77. On August 10, 2009, the Court denied Petitioner's amended habeas corpus petition. Dkts. 75, 76. In the present motion, Petitioner asks the Court to alter or amend its judgment with respect to Claim 21, alleging that the death penalty is unconstitutional, and Claim 22, alleging that Arizona's lethal injection protocol violates the Eighth Amendment. In the alternative, Petitioner requests a certificate of appealability with respect to the claims.

**DISCUSSION**

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Petitioner asserts that there has been an intervening change in the facts and the law since he exhausted his lethal injection claim in state court. Petitioner refers to the decision of the United States Supreme Court in *Baze v. Rees*, 128 S. Ct. 1520 (2008), modifications made by the Arizona Department of Corrections to its lethal injection protocol, and ongoing litigation of the issue in state court. None of these factors affect the Court's analysis of Claim 21 or 22. To be entitled to habeas relief, Petitioner must show that the Arizona Supreme Court's rejection of the claims was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). There is no clearly established federal law holding that the death penalty, lethal injection, or Arizona's protocol constitutes cruel and unusual punishment. *See Baze v. Rees*, 128 S. Ct. at 1530 ("This Court has never invalidated a State's chosen procedure for carrying out a sentence of death as the infliction of cruel and unusual punishment.") To the contrary, *Baze* upheld the constitutional validity of Kentucky's three-drug lethal injection protocol. *Id.* at 1537-38. Arizona's three-drug protocol, which was modified after *Baze*, is "substantially similar" to the protocol approved by the United States Supreme Court. *Dickens v. Brewer*, No. 07-CV-1770, 2009 WL 1904294, at *25 (D. Ariz. July 1, 2009).[1] Thus, the intervening changes in facts and law cited by Petitioner do not support his claims for habeas relief.

Because Claims 21 and 22 find no support in Supreme Court precedent, reasonable jurists could not debate this Court's denial of the claims. Therefore, Petitioner is not entitled to a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

---

[1] In *Dickens* the plaintiffs alleged, pursuant to 42 U.S.C. § 1983, that Arizona's lethal injection protocol violated the Eighth Amendment. The district court granted summary judgment for the defendants, finding that "the Arizona Protocol does not subject inmates to a substantial risk of serious harm and does not violate the Eighth Amendment" and "the record does not demonstrate a substantial risk that Defendants will violate the Arizona Protocol in the future in a manner that is sure or very likely to cause needless suffering." *Dickens v. Brewer*, No. 07-CV-1770, 2009 WL 1904294, at *25 (D. Ariz. July 1, 2009).

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend the Judgment, Dkt. 77, is **DENIED**.

DATED this 28th day of August, 2009.

David G. Campbell
United States District Judge